O’NIELL, Chief Justice.
On the 20th of February, 1933, the board of supervisors of Jones county, Miss., sent a cheek, for $7,932.30 to the Hibernia Bank & *338 Trust Company, in New Orleans, to pay certain bonds and coupons, maturing on the 2d of March, 1933, and payable at the Hibernia Bank. The check was drawn by the Commercial National Bank & Trust Company, of Laurel, Miss., on the Whitney National Bank, in New Orleans, and was sent with a letter of instructions given by the Commercial National Bank & Trust Company to the Hibernia Bank & Trust Company, viz.:
“We hand you herewith our check in the amount of $7,932.30, to be used in the payment of bonds and coupons due at your bank on March 2, 1933, as follows:
“Jones County, Mississippi, Supervisors
“District #2, Bonds, Nos. 73 to 84, inclusive, for $500.00 each, $6,000.00
“128 coupons @ $15.00 each, $1,920.00
“Commission % of 1% on bonds, $7.50
“Commission % of 1% on coupons, $4.80
‘When the within mentioned bonds and coupons have been paid pleas forward to this bank properly cancelled in order that we may deliver same to the Board of Supervisors of Jones County, Mississippi.”
The check, with the letter of instructions, was received by the Hibernia Bank & Trust Company on the 24th of February, 1933, and the amount of the check, $7,932.30, was collected from the Whitney National Bank, through the New Orleans Clearing House, on the 24th of February, 1933. The Hibernia Bank & Trust Company, in order to have a record of the funds, and of the disbursements to be made, set up two accounts on the books of the bank; one account being styled “Jones County Bonds Payment Account,” and the other account being styled “Jones County 6% Road Bond Coupon Account.” The funds, of course, awaiting’ the maturity of the bonds and coupons and their presentation for payment, were not segregated from the other deposits in the Hibernia Bank, except by the bookkeeping entry, and formed a part of all of the deposits in the bank; so that the amount which was thus held by the Hibernia Bank & Trust Company to pay the bonds and coupons due on the 2d of March, 1933, was carried on the books of the 'bank as a part of the general deposit liability of the bank.
On the 2d of March, 1933, none of the bonds or coupons having been paid or presented for payment, the Hibernia Bank & Trust Company, becoming insolvent, was closed by an order of the Governor of Louisiana and by orders of the New Orleans Clearing House Association, and remained closed, under proclamations of the President and acts of the Congress of the United States. On the 20th of May, 1933, the State Bank Commissioner took charge of the bank and began the liquidation of its affairs under orders of the civil district court for the parish of Orleans. Thereafter, the available dividend due to all depositors was, by an order of the civil district court, deposited in the Hibernia National Bank, which was organized as the successor to the Hibernia Bank & Trust Company, to the credit of the depositors, respectively. Accordingly, the sum of $3,631.32 was deposited in the Hibernia National Bank to the credit.of Jones county, Miss.; and the sum of $20.61 was paid out by the Hibernia National Bank, as a partial payment on the Jones county coupons. The board of supervisors of Jones county did not consent to being a depositor in the Hibernia National Bank, but *340 promptly drew out the balance, $3,610.71, with reservation of the right to sue the liquidators of the Hibernia Bank & Trust Company for the balance of the proceeds of the check for $7,932.30.
This suit, therefore, was brought by way of an intervention in the liquidation of the Hibernia Bank & Trust Company, by Jones county, Miss., claiming a lien on all of the property and assets of the bank, under the provisions of section 1 of Act No. 63 of 1926. The bank commissioner and his special agent and the liquidator, as defendants in the suit, denied that the case came within the provisions of the statute, and hence pleaded that Jones county, Miss., was merely a depositor in the Hibernia Bank & Trust Company, and as such was an ordinary creditor of the insolvent bank. The judge of the civil district court decided in favor of Jones county, Miss.; and the bank commissioner and his special agent and the liquidator have appealed from the decision.
The only question is whether the facts of the case bring it within the provisions of section 1 of* Act No. 63 of 1926, viz.:
“That when any bank receives as agent (whether as agent of another bank or of any person, firm or corporation) for collection and remittance or delivery to its principal and not for deposit any bill, note, check, order, draft, bond, receipt, bill of lading, or other evidence of indebtedness, or other instrument, and collects or realizes any money on the same, and has not deposited same to the credit of said principal, the principal shall have a privilege (lien] on all of the property and assets of said agent bank for the amount so collected or realized by said agent bank,” etc.
The contention of the appellants is that the check which Jones county, Miss., sent to the Hibernia Bank & Trust Company as agent was sent, not “for collection and remittance or delivery to its principal,” but for collection and deposit. In support of the argument it is shown that, during a period of seven years, similar remittances were made regularly, semiannually, by the board of supervisors of Jones county, Miss., to the I-Iibemia Bank & Trust Company, under similar instructions, to pay the bonds of the county, and the coupons thereon, which were maturing semiannually and were payable at the Hibernia Bank. And it is shown that, in every instance, the Hibernia Bank & Trust Company handled the proceeds of the check exactly as the proceeds were handled in this instance; that is, by depositing the proceeds in the Hibernia Bank, in a special account, from which the bonds and coupons were paid by the Hibernia Bank as the bonds and coupons matured- and were presented by the bondholders. It appears also that, at the end of every one of these semiannual transactions, during the period of seven years, the board of supervisors of Jones county, Miss., received from the Hibernia Bank & Trust Company, and acknowledged receipt of, a statement showing how the funds were handled. It must be inferred, therefore, that when the board of supervisors of Jones county, Miss., sent the check for $7,932.30 to the Hibernia Bank & Trust Company, on the 20th of February, 1933, to pay the bonds and coupons maturing on the 2d of March, 1933, the board of supervisors did not intend that the bank should keep the proceeds of the check segregated from the funds belonging to the bank, as in an envelope, awaiting the maturity and presentation of the bonds and *342 coupons which were to be paid. But that inference would prevail even if there had never before been any such transaction between Jones county, Miss., and the Hibernia Bank & Trust Company; because it is never intended that a bank that receives as agent, and not for deposit but for collection and remittance or delivery, a draft, or a check drawn on another bank, is to keep the proceeds of the draft or check segregated, as in an envelope, until remitted or delivered. As we understand, a bank that collects an item that is received for collection and remittance or delivery never segregates the proceeds of the collection, or remits or delivers the identical money that is collected, but remits its own check, or exchange on a bank at or near the place of remittance or delivery. If the sender of a check or draft to a bank for collection and remittance or delivery should require the proceeds of the check or draft to be segregated until remitted or delivered, or require the identical money collected to be remitted or delivered, there w;ould be no occasion to rely upon the protection afforded by such a statute as the act of 1926. If the proceeds of a check or draft collected by a bank as agent for the owner of the check or draft are so segregated by the agent as to be identified as the property of the principal, he needs no lien, and has no lien, on the property of the agent. Tropical Printing Co. v. Union Title Guarantee Co., 180 La. 702, 157 So. 534. The very purpose of the act of 1926 is to protect one whose check or draft is collected by a bank as agent, when the proceeds so collected are mingled w'ith the money of the bank in violation of instructions to remit or deliver the proceeds, and when the proceeds, therefore, cannot be identified as the property of the owner of the check or draft. The statute was enacted at the time when the case of Sabine Canal Co. v. Crowley Trust & Savings Bank, 164 La. 33, 113 So. 754, was pending in the district court; and the language of the two sections of the statute applies so precisely and peculiarly, and respectively, to the two propositions of law that were presented in that case that it seems quite certain that the new law was prompted by the happenings in that case. Before the act of 1926 came into effect, one who sent a negotiable instrument to a bank merely for collection and remittance or delivery, and not for deposit, had no protection against the bank’s becoming insolvent and failing to remit or deliver the proceeds so collected. The Legislature, evidently, deemed it unjust that one whose money was collected by a bank as his agent, and who had not consented to become a depositor in the bank, should suffer the loss of his money by its distribution among the depositors, or ordinary creditors of the bank, if the bank should become insolvent. The Legislature, therefore, drew the distinction between the fiduciary relation of principal and agent, and the relation of depositor and depositary, which is the relation merely of the ordinary creditor and debtor.
It is contended by the appellants that Jones county, Miss., is not entitled to the lien provided for by the act of 1926, because the proceeds of the check on the Whitney National Bank were in fact deposited by the Hibernia Bank & Trust Company in its bank. The proceeds of the check were deposited by the Hibernia Bank & Trust Company, but not to the credit of Jones county, Miss. The proceeds were deposited to the credit of the two special accounts which were set up on the books of the Hibernia Bank & Trust Compa *344 ny, as a necessary bookkeeping entry, to have an account of the funds. The act of 1926 requires, as a condition on which the lien is granted, that the hank that has collected the money as agent “has not deposited same to the credit of said principal.” The money, in this instance, was not deposited to the credit of the principal, Jones county, Miss. Jones county, Miss., or the board of Supervisors of the county, could not have checked against the deposit, or drawn out the money. It is true that Jones county, Miss., might have withdrawn the.fund by rescinding the mandate ; but, as long as the mandate continued, the Hibernia Bank & Trust Company held the money as the agent for Jones county, Miss., and not as depositary for Jones county, Miss. The expression in the statute, “and has not deposited same to the credit of said principal,” has reference to a deposit in the name and to the credit of the principal, with his approval, either express or implied. It was so held in Hall, Inc., v. Farmers’ Trust & Savings Bank, 177 La. 659, 148 So. 909, 910. In that case, four sight drafts, with bills of lading attached, were deposited by Hall with the Farmers’ Trust & Savings Bank, in Lock-port, La. The drafts were entered by Hall on the ordinary deposit slips, printed and furnished by the bank. On the end of each slip was printed: “All checks and drafts, except on us, credited subject to final payment.” The four drafts deposited by Hall were drawn on parties residing away from Lockport; and before the proceeds of the drafts were received by the bank it failed and was taken over by the State Bank Commissioner. The court found, as a fact, from the conflicting testimony in the case, that, although the amount of the drafts was credited to Hall’s checking account, he was forbidden to draw checks against the amount of the drafts before receipt of the proceeds 'by the bank. For that reason, and because of the stipulation on the deposit slips that the drafts were “credited subject 'to final payment,” it was held that Hall’s relation to the bank was the same as if the drafts had been placed in the bank for collection and remittance, and not for deposit. In so deciding, the court said:
“The act, in making it a condition to the existence of the privilege that the proceeds of the instrument be not deposited by the bank to the credit of its principal, means that the money must not be deposited unconditionally to the credit of the principal with his authority.” (Italics ours.)
The money belonging to Jones county, Miss., was deposited only temporarily, and only as a necessary or convenient method of carrying out the mandate to collect the check and to apply the proceeds to the payment of the bonds.
 It is argued for the appellants that the stipulation in the statute, as a condition on which the lien shall exist, that the instrument which is sent to the bank for collection as agent for the sender must be sent “not for deposit,” is unqualified, and therefore does not mean necessarily or only that the instrument must be sent “not for deposit to the credit of the principal.” Hence it is argued that, as the board of supervisors of Jones county, Miss.-, knew or must have known that the I-Iibemia Bank & Trust Company would not keep the proceeds of the check segregated, but would deposit the proceeds into the bank’s coffers, to the credit of a special account, but as a part of all other deposits, Jones county, *346 Miss., has no lien under the statute. But the expression in the first part of the statute, “and not for deposit,” is explained immediately by the further expression, “and has not deposited same to the credit of said principal.” There is no doubt that the expression first used, “and not for deposit,” is to be interpreted in connection with the expression which follows, “to the credit of said principal.” And the deposit which is referred to, as we said in the Hall Case, means a regular deposit to the credit of the principal’s checking account, and with his consent or approveal, either express or implied. A bank that receives as agent an instrument for collection and remittance, and not for deposit, cannot deprive the sender of his lien, by depositing the proceeds of the instrument to the credit of the principal, and then failing and closing its doors before the principal has had an opportunity to approve of the deposit, and thereby to become an ordinary creditor of the bank.
It is argued for the appellants that, in this instance, the instrument which was sent to the Hibernia Bank & Trust Company for collection and remittance or delivery, as agent, was not intended for “remittance or delivery to its principal,” but was intended for remittance or delivery to the bondholders.- Hence it is argued that that one of the stipulations of the statute is lacking. .O.ur opinion, on the contrary, is that the expression means for remittance or delivery to the principal or order. It is true that statutes conferring a lien must be construed literally, not liberally; but that does not mean that such statutes shall be construed so literally and strictly according to their words as to deprive them of their application to cases which they are manifestly intended to apply to. It is not a liberal construction, but only a reasonable construction, of this statute, to say that a remittance or delivery of a sum of money to a person designated by the owner to receive the money constitutes a remittance or delivery to the owner of the money.
It is argued, finally, for the appellants, that the act of 1926 was not intended to apply to a case like this, where the instrument was sent to the bank not merely for collection and remittance or delivery to the sender, but for the purpose of paying an ■ obligation of the sender. It is true that the main purpose of sending to the Hibernia Bank & Trust Com.pany the check on the Whitney National Bank was not merely to collect the check, but to pay the bonds and coupons which were payable at the Hibernia Bank. That means that the authority of the Hibernia Bank & Trust Company, as agent for Jones county, Miss., extended further than to collect the check. But the agency or mandate incuded the authority and duty to collect the check; and the fact that the mandate went further, and included also the authority and duty to remit or deliver the proceeds to the bondholders, does not take the case out of the provisions of the statute.
The judgment is affirmed.